Ruffin, Judge.
 

 It is objected to the charge of the Judge below, that he erred in considering the collection of the money by the Defendant, a condition precedent,
 
 *232
 
 because, since
 
 Worth
 
 himseif was to do the act, it would render the promise nugatory, or leave it altogether to his will, which is the same tiling. Technically speaking, it is certainly not generally true, that an act, to be previously done by the party promising, is' a strict condition precedent to another act, to bo done by the same party. It is consequently here insisted by the Plaintiff, that this promise must be held to include an engagement on the part of the Defendant, that he would endeavor to collect. It is unnecessary to consider that point very attentively. For admit the position to be fully true, the enquiry remains, what would bo the proper remedy upon such a promise expressly made. The remedy must be the same on this, considering it constructively a promise of that nature. It is clear, that it could be only an action on the special agreement, for not collecting or using diligence to collect. Now the Judge, in trying this appeal from a Justice of the Peace, must consider it, as if it were still pending before the Justice, and decide it by the same principles, which properly pertained to it, when pending there. Of such a question a Justice of the Peace has no jurisdiction. It sounds in
 
 damages;
 
 it does not rest upon a promise
 
 to pay.
 
 Oases have been cited however* in which actions have been sustained by principles against their agents, for money had and received, without proving the actual receipt of the money, upon the presumption, from lapse of time or other circumstances, that they have received it, or that they might bave received it, but for their negligence. The Court left the effects of the time to the jury, as evidence of the collection. And as to the other matter, that the Defendant is chargeable as having received the money, because he neglected to receive it, it may be so held by a tribunal competent to weigh and appreciate the duty of diligence, and the penalties of
 
 laches.
 
 That is a power not confided to Justices of the Peace, as was held by this Court in the «ase of the
 
 State v. Alexander,
 
 (4
 
 Hawks,
 
 
 *233
 
 1S2,) and this decision has been followed up by several others, in affirmance of the positions there taken. In . , effect therefore, the charge is substantially correct. ■ For in this method of proceeding, nothing but the actual receipt of the money would sustain the
 
 Plaintiff;
 
 and therefore the collection was a condition precedent — if not to any remedy of the Plaintiff, to bringing
 
 this
 
 suit.
 

 Per Curiam. — Let the judgment be affirmed.